Ruffin, Chief-Justice
 

 This is a case so shortly and imperfectly stated, that we are not certain that the only point presented, is really the only one which it was intended to present. As the record speaks, the single question is, whether by the terms of the charter, the plaintiffs can recover in this action a toll on a carriage belonging to the defendant which is called a
 
 mail stage.
 

 There
 
 might possibly be a question, whether a carriage engaged in the service of transporting the mail is not privileged. Although not made on the trial, if it were clear for the defendant, it would be useless to send the case back to a new trial, and the judgment might be affirmed as it ought to be on the whole record. Supposing however, that the United States can use any road established by Congress as a post road, yet the use by persons employed in a particular civil service, must be deemed to be intended to be on the terms prescribed to all persons, unless the law under which it is performed, declares the contrary. We have found no act of Congress exempting persons or carriages engaged in the business of the post office, from the payment of tolls for passing ferries, bridges or roads. As such tolls are granted as the price of constructing and repairing those
 
 *465
 
 pU|j]ic accommodations, and are necessary for thosepur-noses, and to no establishment are such facilities more 1 „ indispensable than to the post ornee* itseli, it is probable ^at no suc^ ac^ ever ^,as ^een, or ever wiH ke passed. Without a statute, no exemption can he inferred or allowed. It may be true that the progress of the mail cannot be. arrested by distraining the carriage or horses 'for the tolls, although private property. That however only áffeets that particular remedy. The question to curs whether the owner being a private person, and ’transporting the mail under contract, be not liable for \the tolls, to be recovered by action, like any other debt •contracted by him. Upon that we see no reason to •doubt until the contrary, if it caribe, shall have'been enacted.. In truth however, the Court does not consider that question open upon the record. It does not appear even that-the defendant was transporting the mail, or was otherwise actually engaged in the public service, at the times of passing the road; and the decision was confined to the other point, namely, the construction of the statute of this Stale. Upon that, this court does not concur with his Honor, and must therefore award a new trial.
 

 The act of incorporation gives a
 
 toll
 
 on every four wheel carriage of pleasure; of g 2 50 ; on every gig and sulkey, on every six. horse wagon, four horse wagon, two horse wagon, pedlar’s cart and road cart, the several sums mentioned in it. In the enumeration,
 
 “
 
 mail stages,” or any other carriage transporting the mail, are not included by specific name and as a distinct class Of vehicles. On this ground, the decision seems to have been founded.
 

 The construction is very strict, and can only be sustained by regarding the road as primarily a public highway, and the grant of tolls as an invasion of the prior and common right of the citizen. This seems to us not to be the proper principle of construction. It is true the road is a highway, but not a common and free highway. It • was constructed by the plaintiffs at their own expense, and is to be kept in repair by them for a long period im-
 
 *466
 
 «ler heavy penalties. As a compensation for their services, and as a reimbursement of their expenditures, the tolls are granted. It is also true that only such tolls can be exacted as are granted. Butin ascertaining the extent of the grant, the words are to receive a fair interpretation, according to the meaning of the Legislature, and the sense in which they are commonly understood. It is not to be presumed, that passage to any person or tiling was intended to be toll' free, unless either there be a special exception, or they cannot reasonably be brought within the meaning of general terms descriptive of the-subjects made liable to tolls. The presumption, especially when only general terms are used, is the other way — That every thing which those terms will include, shall pay the toll. The owners of the road have a fair right to remuneration from, all who derive a. benefit from their labour. Besides, by another section-of this act, the annual profit is limited, so that the exemption of particular persons may operate as a, burden on the rest of the community, which is not to be favored or implied..
 

 Here only a very general description is found;
 
 carriages, of pleasure
 
 for instance, embrace a great variety of kinds, known by different names. If the vehicle in- question be of the character of'any of those mentioned in the act, as four wheeled carriages of pleasure, gigs, sulkies or any of the several sorts of wagons or carts, it is in our opinion within, the act, although the Legislature did not descend, so far into, particulars as to call it a stage, or a. mail stage.
 

 The case does not set forth its construction as to the-number of wheels, or-as to its adaptation to such uses as contra-distinguish- a carriage of pleasure from one of burthen, so as to enable us to determine the particular toll chargeable on it. Indeed it does not seem that the plaintiffs reached that part of their case, as the Court, as we understand, ruled that whatever might be the construction, the case was for the defendant, because the-act did not expressly mention a mail stage. If it be included among, and under any of the terms used accord-
 
 *467
 
 jng to the true construction of the act, tile judgment is erroneous. We think it certain that it must come within °nc or other of the descriptions, although for the red - sons s^e(^ we canno^ which. If a “stage” or stag0« jiaci |)60)1 r„set], ¡t would not have been a proper term, for it is not descriptive of any species of carriage, but of a particular use and mode of travelling of every species. A
 
 stage coach,
 
 or
 
 stage wagon,
 
 does not mean a particular kind of coach or wagon, but that the coach or wagon of any kind, journies at regular periods from one point, post or
 
 stage
 
 to another. We cannot give our opinion conclusively as to the character of the vehicle in question, büt as it may enable the parties
 
 to conclude
 
 their
 
 controversy by another
 
 trial below, without again bringing the case here, we consider it our duty to express, what wo clearly think is the construction of the'charter. Under the terms of the statute the vehicles aro tobe understood, as those on the one hand, which are of the construction ordinary and proper, and which are commonly used, for the transportation of produce, merchandize, and other heavy burthens on roads, and farms; and on the other, those used for the transportation of persons and their travelling baggage, and constructed with a view to such transportation in a speedy and comfortable manner, after the general form and workmanship, bestowed on carriages in which persons are usually transported. From our knowledge of the carriages commonly employed as mail coaches, under contracts, including the transportation both of the ■mail and passengers, we should not doubt that this vehicle is subject to the toll as a carriage of pleasure.
 

 Per Curiam. — Judgment reversed.